UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHNNY MOFFETT,<br><br>                      Plaintiff,<br>        v.<br><br>COLUMBIA MANOR et al.,<br><br>                      Defendant. | CASE NO. 3:25-cv-05906-DGE<br><br>ORDER DISMISSING<br>COMPLAINT (DKT. NO. 5) |

This matter comes before the Court sua sponte pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), submitted a complaint on October 15, 2025, against Defendant Columbia Manor, also known as Smith Towers Apartment Buildings, and three individual defendants: Greg Franks and Roy Franks, owners of Smith Towers, and Michelle Arevalos, administrator of Smith Towers (collectively, "Defendants"). (Dkt. No. 5 at 2.)

Plaintiff states that the management at Smith Towers has "hindered [him] from working, made [him] afraid for his safety, and has engaged in discrimination and racism." (*Id.* at 5.) In

ORDER DISMISSING COMPLAINT (DKT. NO. 5) - 1

support of this contention, Plaintiff attached a "Stalking Log for Protection Order Case," in which he details various interactions with a "Mr. Pearl," who lives at Smith Towers in the apartment above Plaintiff, and whom Plaintiff claims is stalking him. (Dkt. No. 5-1 at 1–2.) Plaintiff alleges various examples of Mr. Pearl "stalk[ing]" and "harassing" Plaintiff in his apartment by "going from room to room" with Plaintiff; moving his furniture around to let Plaintiff know "he is watching him"; and making noise such as flushing the toilet while Plaintiff is in the bathroom, tapping on the ceiling, or "stomping" over Plaintiff's living room. (*Id.* at 1–2.) Plaintiff alleges that on February 2 and again on February 5, he told Arevalos about the alleged stalking and asked her to move Mr. Pearl from "over [Plaintiff's] apartment, and she had no response." (*Id.* at 1.) In addition to his stalking log, Plaintiff includes a photocopied page from a book related to the Klu Klux Klan;[1] a "witness list" of people who can apparently attest to the stalking;[2] a copy of Plaintiff's membership card to the NAACP; and a supplemental "stalking log" with daily notes about the activities of "Charles Allen" and "Dale Pearl James." (*Id.* at 3–5; Dkt. No. 9.)

Plaintiff asserts a cause of action for violation of the Fair Housing Act for "racism." (Dkt. No. 5 at 3.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] According to the declaration of Johnny Florez Rodriguez, "Charles put a KKK booklet in front of [Plaintiff]'s front door." (Dkt. No. 7 at 1.)

[2] The witness declarations corroborate Plaintiff's fears that Mr. Pearl is stalking him (*see* Dkt. Nos. 6–8) but provide no connection between the alleged stalking and any action or knowledge on the part of Defendants. The witness declarations also list "Dale Pearl" as the defendant, rather than any of the defendants named in the complaint. (*Id.*)

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc).  "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  As currently formulated, Plaintiff's complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(20)(B)(ii) because it fails to state a claim upon which relief may be granted.

The Fair Housing Act ("FHA") "bars discriminatory housing policies and practices" based on "certain protected characteristics or traits."  *Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 955 (9th Cir. 2021).  The FHA makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race . . . ."  42 U.S.C. § 3604(a).  A plaintiff can establish an FHA discrimination claim under a theory of disparate treatment or disparate impact.  *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (citation omitted).

Here, Plaintiff appears to be asserting a claim for disparate treatment under the FHA in that he alleges Defendants have engaged in discrimination and racism.  (*See* Dkt. No. 5 at 3.)  "Disparate treatment is synonymous with intentional discrimination."  *Ohio House, LLC v. City of Costa Mesa*, 135 F.4th 645, 661 (9th Cir. 2025).  To prevail on this claim a "plaintiff must

establish that the defendant had a discriminatory intent or motive." *Id.* (internal citations omitted). There are multiple ways to prove such intent. *Id.*

Plaintiff's complaint contains several deficiencies that merit dismissal at this stage. Plaintiff states his *belief* that Defendants have engaged in race-based discrimination against him generally but does not plead any facts to support this assertion, nor does he allege facts to support an inference that he was discriminated against in one of the ways specifically prohibited by the FHA. *See* 42 U.S.C. § 3604(a). Further, Plaintiff's complaint does not plead any facts that create a connection between Mr. Pearl's or Mr. Allen's alleged conduct, Plaintiff's request to Arevalos that Mr. Pearl be moved to a different apartment, and any alleged discrimination.

Leave to amend should be denied as futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017); *see also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (if the "legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend") (citation omitted).

Here, the Court can conceive of no facts that would remedy the deficiencies identified in this order. Notwithstanding, because this is Plaintiff's first complaint, the Court cannot determine with certainty whether any potential amendment may be futile without first reviewing the proposed amendment.

Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(20)(B)(ii). Plaintiff is granted leave to amend his complaint to attempt to cure the deficiencies identified in this order. Any amended complaint SHALL be filed no later than **November 12, 2025**.

The Clerk is directed to calendar this event.

Dated this 22nd day of October 2025.

David G. Estudillo
United States District Judge

ORDER DISMISSING COMPLAINT (DKT. NO. 5) - 5