UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHNNY MOFFETT,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>COLUMBIA MANOR et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:25-cv-05906-DGE<br><br>ORDER ON MOTION TO APPOINT COUNSEL (DKT. NO. 12) |

　　　　This matter comes before the Court on Plaintiff Johnny Moffett's motion to appoint counsel.  (Dkt. No. 12.)  For the reasons that follow, Plaintiff's motion is DENIED.

　　　　Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), submitted a complaint on October 15, 2025, against Defendant Columbia Manor, also known as Smith Towers Apartment Buildings, and three individual defendants: Greg Franks and Roy Franks, owners of Smith Towers, and Michelle Arevalos, administrator of Smith Towers (collectively, "Defendants"). (Dkt. No. 5 at 2.)  Plaintiff asserted a cause of action for violation of the Fair Housing Act ("FHA") for "racism."  (*Id.* at 3.)

The Court reviewed Plaintiff's complaint sua sponte pursuant to 28 U.S.C. § 1915(a) and dismissed it because it failed to state a claim upon which relief could be granted. (Dkt. No. 10 at 3.) The Court noted Plaintiff's complaint did not allege facts to support his assertion that Defendants discriminated against him on the basis of race in a manner prohibited by the FHA, nor did it sufficiently allege facts to connect Defendants to the allegedly discriminatory conduct Plaintiff described. (*Id.* at 3–4.)

The Court noted its skepticism that Plaintiff would be able to successfully plead an FHA violation but granted leave to amend, which placed Plaintiff's deadline to file an amended complaint on November 12. (*Id.* at 4.) On November 10, Plaintiff filed a motion for extension of time, citing his intent to "consult with a[n] attorney."[1] (Dkt. No. 11 at 1.) Also on November 10, Plaintiff filed a motion to appoint counsel. (Dkt. No. 12.)

Plaintiff's motion requests counsel for "an action alleging employment discrimination and seeking relief under Title VII of the Civil Rights Act of 1964." (*Id.* at 1.) Plaintiff states he has tried "numerous times to get a lawyer," but he is "on a fixed income." (*Id.* at 2.) The Court notes that Plaintiff's complaint is not brought under Title VII; however, it will construe Plaintiff's motion under 28 U.S.C. § 1915(e)(1), which states the court has authority to appoint counsel for people unable to afford counsel.

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). However, motions to appoint counsel in civil cases may be granted for "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To determine if these "exceptional circumstances" exist, a court must consider both

---

[1] The Court granted the motion that same day and gave Plaintiff until December 10, 2025, to file his amended complaint. (Dkt. No. 13.)

ORDER ON MOTION TO APPOINT COUNSEL (DKT. NO. 12) - 2

1 the likelihood of success on the merits and the plaintiff's ability to present their claims pro se "in
2 light of the complexity of the legal issues involved." *Id.* (citation omitted). "Neither of these
3 considerations is dispositive and instead must be viewed together." *Id.* The burden of showing
4 there are exceptional circumstances lies with the plaintiff. *Id.*

5     At present, Plaintiff fails to demonstrate exceptional circumstances justifying
6 appointment of counsel. First, as the Court noted in its order dismissing Plaintiff's first
7 complaint, it can discern no relationship between the particular facts alleged in the complaint, the
8 cause of action alleged, and any conduct on the part of Defendants. (*See* Dkt. No. 10 at 3–4.)
9 The Court has already dismissed Plaintiff's complaint for failure to state a claim once. At this
10 stage, the Court believes Plaintiff's likelihood of success on the merits is not high.

11     As to the second consideration, Plaintiff has so far demonstrated he is able to file
12 pleadings and motions in the case, and the case does not appear to be particularly complex.
13 Plaintiff's complaint alleged just one cause of action, and the issues in their current form are not
14 novel. Indigence alone does not qualify as an exceptional circumstance. *See Shepard v. Borum*,
15 Case No. 1:18-cv-00277-DAD-HBK, 2021 WL 3287612, at *1 (E.D. Cal. Aug. 2, 2021); *Jones*
16 *v. Chen*, Case No. 1:11–cv–01762–MJS (PC), 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14,
17 2014) ("Even if it is assumed that Plaintiff is not well versed in the law and that he has made
18 serious allegations, which, if proved, would entitle him to relief, his case is not exceptional.").
19 Therefore, the Court DENIES Plaintiff's motion for court-appointed counsel.[2]

---

[2] The Court directs Plaintiff to the district's guide for pro se representation, which includes resources for self-representation and finding legal advice. *See Representing Yourself ("Pro Se")*, U.S. DIST. CT. FOR THE W. DIST. OF WASH., https://www.wawd.uscourts.gov/representing-yourself-pro-se (last visited Nov. 10, 2025).

ORDER ON MOTION TO APPOINT COUNSEL (DKT. NO. 12) - 3

Dated this 12th day of November 2025.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO APPOINT COUNSEL (DKT. NO. 12) - 4