1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| JOHNNY MOFFETT, | CASE NO. 3:25-cv-05906-DGE |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 15) |
| COLUMBIA MANOR et al., | |
| Defendants. | |

This matter comes before the Court sua sponte pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), submitted his first complaint on October 15, 2025, against Defendant Columbia Manor, also known as Smith Towers Apartment Buildings, and three individual defendants: Greg Franks and Roy Franks, owners of Smith Towers, and Michelle Arevalos, administrator of Smith Towers (collectively, "Defendants"). (Dkt. No. 5 at 2.) Plaintiff pled a violation of the Fair Housing Act ("FHA") for "racism." (*Id.* at 3.)

1         The Court reviewed Plaintiff's complaint sua sponte pursuant to 28 U.S.C. § 1915(a) and

2 dismissed it because it failed to state a claim upon which relief could be granted.  (Dkt. No. 10 at

3 3.)  The Court found Plaintiff's complaint did not allege facts to support his assertion that

4 Defendants discriminated against him on the basis of race in a manner prohibited by the FHA,

5 nor did it sufficiently allege facts to connect Defendants to the allegedly discriminatory conduct

6 Plaintiff described.  (*Id.* at 3–4.)  The Court noted its skepticism that Plaintiff would be able to

7 successfully plead an FHA violation but granted leave to amend, which placed Plaintiff's

8 deadline to file an amended complaint on November 12.  (*Id.* at 4.)  He sought an extension of

9 time (*see* Dkt. No. 11), which the Court granted.  (Dkt. No. 13.)  Plaintiff filed his amended

10 complaint on December 8.  (Dkt. No. 15.)

11         Plaintiff's amended complaint brings the same claim against the same Defendants.[1]  (Dkt.

12 No. 15 at 2–3.)  Plaintiff states he is "an African American man with many disabilities" and that

13 his housing is managed by the Department of Housing and Urban Development ("HUD")

14 because he is "qualified by [his] income and disabilities."  (*Id.* at 5.)  Plaintiff alleges he is

15 "being harassed by members of a white supremacy group," who have "drilled holes in [his]

16 ceiling to look into [his] apartment" and have "intimidated" Plaintiff by sending him a Klu Klux

17 Klan booklet.  (*Id.*)  Attached to the complaint are black-and-white photos of a hole in a building

18 (presumably on the ceiling, but it is unclear from the photo) and scanned copies of pages from a

19 Klu Klux Klan publication.  (*See* Dkt. No. 15-1 at 1–6.)  Plaintiff asserts nobody else in the

---

[1] Plaintiff's original complaint lists Greg and Roy *Franks* as Defendants (*see* Dkt. No. 5 at 2); the amended complaint lists Greg and Roy *Frank* (*see* Dkt. No. 15 at 2).  The Court is unsure which variation is correct but for purposes of continuity, refers to them as Greg and Roy Franks until otherwise noted.

ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 15) - 2

apartment building is being targeted and concludes the "only reason" he is being harassed is because of his race. (Dkt. No. 15 at 5.)

Plaintiff alleges Arevalos, the manager of his building, "is believed to be a member of the white supremacy group." (*Id.*) This is because he has complained to her numerous times "but she has not done anything to stop the harassment." (*Id.*) Plaintiff believes the reason she has not helped him is because she is "prejudiced against [him] because he is [a] [B]lack man." (*Id.*) He alleges these instances are "only a few of the ways that [he is] suffering harassment" and he fears going outside at night. (*Id.* at 5–6.) As with his first complaint, Plaintiff asserts just one cause of action for violation of the FHA for "racism." (*Id.* at 3.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Plaintiff's amended complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(20)(B)(ii) because it fails to state a claim upon which relief may be granted.

The FHA "bars discriminatory housing policies and practices" based on "certain protected characteristics or traits." *Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 955 (9th Cir. 2021). The FHA makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race . . . ." 42 U.S.C. § 3604(a). A plaintiff can establish an FHA discrimination claim under a theory of disparate treatment or disparate impact. *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (citation omitted).

As with his first complaint, Plaintiff appears to assert a claim for disparate treatment under the FHA in that he alleges Defendants have engaged in discrimination and racism. (Dkt. No. 15 at 5–6.) "Disparate treatment is synonymous with intentional discrimination." *Ohio House, LLC v. City of Costa Mesa*, 135 F.4th 645, 661 (9th Cir. 2025). To prevail on this claim a "plaintiff must establish that the defendant had a discriminatory intent or motive." *Id.* (internal citations omitted). There are multiple ways to prove such intent. *Id.*

Plaintiff's amended complaint does not cure the deficiencies noted by the Court in its first § 1915(a) review. Again, Plaintiff states his belief that Defendants, particularly Arevalos, have engaged in race-based discrimination against him by not intervening to stop the harassment by the "white supremacy group." (Dkt. No. 15 at 5.) But Plaintiff does not plead specific facts to illustrate this assertion, nor does he plead facts to support an inference that he was discriminated against *by the Defendants* in one of the ways specifically prohibited by the FHA. *See* 42 U.S.C. § 3604(a). Rather, he relies on his *assumption* that because Arevalos "has not done anything to stop the harassment," she is therefore prejudiced against him on the basis of his race. (Dkt. No. 5 at 5.) Plaintiff also does not mention Greg Franks and Roy Franks—let alone describe conduct

they engaged in that is prohibited by the FHA, *see* 42 U.S.C. § 3604(a), or is otherwise discriminatory.  In sum, Plaintiff's amended complaint is devoid of any facts from which the Court could infer Defendants were biased against Plaintiff because of his race or that they engaged in any conduct motivated by racial bias.  Plaintiff's conclusory allegations do not suffice.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of [their] civil rights.").

Leave to amend should be denied as futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017); *see also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (if the "legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend") (citation omitted).  As the Court has already provided Plaintiff an opportunity to cure the deficiencies previously identified, and Plaintiff has failed to do so, the Court finds granting Plaintiff another opportunity to amend would be futile because both the original complaint and the amended complaint lack any facts to support his claim(s).

Accordingly, the Court DISMISSES Plaintiff's amended complaint under 28 U.S.C. § 1915(e)(20)(B)(ii) without prejudice.  The Clerk is directed to close this matter.

Dated this 23rd day of December 2025.

David G. Estudillo
United States District Judge